UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.   **10-CV-20257-Lenard-Turnoff**

TIFFANY N. THORNE,
on behalf of himself and
all others similarly situated,

Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

Defendant.

_____/

FILED by _____*VT*_____ D.C.
ELECTRONIC

**Jan. 27, 2010**

STEVEN M. LARIMORE
CLERK  U.S.  DIST.  CT.
S.D.  OF  FLA. · MIAMI

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.        Plaintiff, TIFFANY N. THORNE, on behalf of herself and all others

similarly situated, alleges Defendant, COMMONWEALTH FINANCIAL SYSTEMS,

INC., violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

("FDCPA"), by failing to identify itself and by failing to inform the consumer that

the purpose of the call was to collect a debt or that the call was from a debt

collector.

### I.  JURISDICTION AND VENUE

2.        This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15

U.S.C. §1692k(d).  Venue in this District is proper because Plaintiff resides here

and Defendant placed telephone calls into this District.

1

## II.  PARTIES

3.        Plaintiff, TIFFANY N. THORNE, is a natural person who resides in

Miami-Dade County, Florida.

4.        Plaintiff, TIFFANY N. THORNE, is a "consumer" as defined by 15

U.S.C. §1692a(3).

5.        Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC., is

believed to be a corporation and citizen of the State of Pennsylvania with its

principal place of business at 120 North Keyser Avenue, Scranton, Pennsylvania

18504.

6.        Defendant regularly uses the mail and telephone in a business the

principal purpose of which is the collection of debts.

7.        Defendant regularly collect or attempt to collect debts for other parties

and is a "debt collector" as defined in the FDCPA.

## III.  FACTUAL ALLEGATIONS

8.        Defendant sought to collect from Plaintiff an alleged debt arising from

a debt incurred for personal, family or household purposes.

9.        Defendant left the following pre-recorded messages on Plaintiff's

voice mail on or about the dates stated:

> January 27, 2009 – Pre-recorded Message
> 2 or call us back at 1-800-848-2170. Thank you.

Hello. This message is only for Tiffany Thorne. If this is Tiffany Thorne, please press 1. If this is not, please press 2 or call us back at 1-800-848-2170. Thank you.

10.          Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

11.          The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

12.          In the telephone messages, Defendant failed to identify itself, failed to inform Plaintiff that the communication was from a debt collector, and failed to disclose the purpose of Defendant's telephone messages.

## IV.  CLASS ACTION ALLEGATIONS

13.          The class is defined as (i) all Florida residents to whom Defendant left a telephone message (ii) in which Defendant, failed to state it is from a debt collector, and/or that it was an attempt to collect a debt, and/or failed to disclose its identity (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

14.     Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

15.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

      a.     Whether Defendant is a debt collector.

      b.     Whether Defendant's telephone messages violate the FDCPA.

16.     The claims of Ms. Thorne are typical of those of the class members. All are based on the same facts and legal theories.

17.     Ms. Thorne will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

18.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.     The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.  COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

19.      Plaintiff incorporates the foregoing Paragraphs.

20.      Defendants failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Drossin v. National Action Financial Services, Inc.*, --- F.Supp.2d ----, 2009 WL 2460895, 2009 U.S. Dist. LEXIS 70494 (S.D.Fla., Aug, 7, 2009) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class he seeks to represent against Defendant for:

A.      Certification for this matter to proceed as a class action;

B.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

C.      Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§169sk(a)(3); and

E.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339

Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

6