UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 10-20257-CIV-LENARD/TURNOFF

**TIFFANY N. THORNE, on behalf of herself
and all others similarly situated,**

      Plaintiff,

vs.

**COMMONWEALTH FINANCIAL SYSTEMS,
INC.,**

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL SECOND DEPOSITION OF DEFENDANT

COMES NOW, Defendant Commonwealth Financial Systems, Inc., by and through the undersigned counsel and files this Response to Plaintiff's Motion to Compel Second Deposition of Defendant, and states:

1. Plaintiff filed the instant class action lawsuit on January 27, 2010.

2. More than eight (8) months later, Plaintiff finally took the deposition of Defendant's corporate representative.

3. On September 1, 2010, Plaintiff filed her Motion for Extension of Time to Amend Complaint. (DE 44)  In that motion, Plaintiff stated that she "need[ed] additional time to amend her Complaint and to craft a new class definition, obtain some follow-up discovery and move for certification." *Ibid.*

4. On September 8, 2010, the Court entered an order granting the Plaintiff's motion and giving the Plaintiff 60 days from the date of the Order to amend her Complaint.  (DE 50) No attempt was made by Plaintiff to "obtain some follow-up discovery" at any time

subsequent to the Court's Order. In fact, between the time the Court granted the first Motion for Extension and the time Plaintiff filed her Amended Complaint there was no activity on the file (formally or informally).

5. On November 8, 2010, Plaintiff filed her Second her Motion for Extension of Time to Amend Complaint. (DE 53) In that Motion, Plaintiff sought an additional one-day extension to amend her Complaint. The Court granted the Motion the following day. (DE 54)

6. Plaintiff filed her First Amended Class Action Complaint on November 9, 2010. (DE 55-1)

7. On November 9, 2010, Plaintiff filed her Motion for Class Certification. (DE 56)

8. On November 10, 2010, Plaintiff filed her Motion to Compel Second Deposition of Defendant. (DE 61) In that Motion, Plaintiff claims that she needs to depose Defendant a second time "regarding new topics now necessary under the Amended Complaint that were not of issue at the time of the initial deposition."

9. Rule 30(a) (2)(A)(ii) requires a party to obtain leave of court before deposing a person that has already given a deposition in the case. Absent a showing of good cause, generally the court will not require a witness to appear for another deposition. *See, Presidio Components, Inc. v. American Technical Ceramics Corp.* 2009 WL 861733, 4 (S.D.Cal. 2009); *Cuthbertson v. Excel Indus., Inc.,* 179 F.R.D. 599, 604-605 (D.Kan. 1998).

10. In *Presidio Components,* the court denied the defendant request for a second deposition of plaintiff's experts as the deposition would have encompassed the "same substantive issue…that [defendant] wants to question him about now." *Id.* Since Plaintiff has

conducted no discovery since Defendant's first deposition, Plaintiff cannot claim that the questions she seeks to ask during a second deposition relate to any information or documents she obtained since the first deposition. It is clear that Plaintiff merely seeks "a second bite at the apple", i.e. Plaintiff wants to depose Defendant to make up for what she apparently believes was an incomplete deposition in the first instance.[1]

11. The court must also consider the burden the proposed second deposition will place on the Defendant. *See, Foreclosure Management Co. v. Asset Management Holdings, LLC*, 2008 WL 3895474, 4 (D.Kan. 2008).

12. Requiring a second deposition will impose a substantial economic burden on Defendant. Defendant is located in Dickson, Pennsylvania. Defendant's counsel is located in Tampa, Florida. Defendant incurred substantial expense related to counsel's travel to Pennsylvania for the first deposition. While Plaintiff indicates in her Motion that she intends to take the deposition by videoconference, Plaintiff also admits that the initial deposition needed to be rescheduled due to a technical problem with the videoconference. As such, Defendant will be forced to again incur the expense associated with counsel having to travel to Pennsylvania for a second deposition.

WHEREFORE, Defendant respectfully requests this Court enter an Order DENYING Plaintiff's Motion to Compel Second Deposition of Defendant.

---

[1] It is worth noting that Plaintiff has not and cannot complain that Defendant did not fully comply with the original deposition notice. *See*, Local Rule 26.1(h)(1)(requiring that "all motions related to discovery….be filed within thirty (30) days of the occurrence of the grounds for the motion.")

Respectfully submitted,

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
**GOLDEN & SCAZ, PLLC**
2124 W. Kennedy Blvd., Suite A
Tampa, Florida 33606
813-251-5500 (p)
813-251-3675 (f)
dale.golden@goldenscaz.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 2nd day of December, 2010.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE