UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20257-Civ-Lenard/Turnoff

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

      Defendant.

_____/

## PLAINTIFFS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff, Tiffany N. Thorne, file this Opposition to Defendant's, Commonwealth Financial Systems, Inc., Motion for Summary Judgment (DE 85) and, in support thereof, states as follows:

      1.      Defendant's Motion should be denied, as Defendant's conduct is violative and intentional, and as such, Defendant does not have the bona fide error defense available to it.

      2.      The purpose of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") is, *inter alia*, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. §1692(e). By engaging in the abusive practices alleged in this case, Defendant gained a competitive advantage over other debt collectors who comply with the law, an impermissible result. In its effort to gain an advantage over its competitors, Defendant

engaged in a practice designed to lure consumers unknowingly into conversations with its collectors by not identifying itself as a debt collector in the initial communication with consumers. Defendant is now being called to account for its actions, which it undertook solely for the purpose of gaining a competitive advantage. Defendant's illegal tactics likely increase the success at direct communication with the consumers, by virtue of the fact that initially, the consumer has no idea who he/she is being contacted by. This situation gives Defendant an unfair advantage over those collection companies who do comply with the law and do identify themselves in their communications. To excuse Defendant's intentional violation of the FDCPA would be commendation of practices which explicitly contradict the intent of FDCPA.

3.     Defendant's use of this technique brings up a very important point. Defendant is arguing that it uses messages, which it knows do not contain the disclosure of its name or that it is a debt collector, but only uses them as an introductory communication to a consumer which is followed up by a subsequent message that is only triggered if the consumer presses a certain number on his telephone keypad. Defendant does not have a legal right to engage in such conduct. In *Edwards v Niagra Credit Solutions* 2009 U.S. App. LEXIS 22500, at page 4 (11th Cir. 2009) the defendant debt collector claimed that it failed to disclose in pre-recorded telephone messages that it was a debt collector because it was afraid that if it did so, and some person other than the consumer heard the pre-recorded message then it would have disclosed the existence of the debt to a third party, in violation of a different section of the FDCPA. The *Edwards* Court rejected this logic and held that a debt collector cannot violate one part of the

FDCPA to avoid violating some other part of the FDCPA. This is similar to the instant case in that the Defendant here has argued in its Opposition to Plaintiff's Motion for Class Certification (DE 72) that it engages in an identical practice for an identical purpose – to avoid third party disclosures. Defendant here has acknowledged that it does deliver unattended pre-recorded messages to consumers which it *knows* omit its name and that it is a debt collector. Defendant relies upon its automated equipment to ensure that the consumer is transferred to a live debt collector to receive the rest of the disclosure, yet Defendant *knows* that some consumers are not receiving the required disclosure, not even most of the time: According to Defendant, approximately 60% of all calls placed with its dialing campaigns are answered by the consumer or the consumer's answering machine or voicemail system, and of those calls, 85% do not press a key to be transferred to a live collector (See "Snyder Deposition", DE 41-1, page 104 line 19 to page 105 line 13). Thus, Defendant is aware that approximately 85% of the consumers who answer the telephone calls from Defendant, which attempt to connect the consumer with a live collector, are unsuccessful. In 85% of answered calls, it is *never* disclosed to the consumer that Defendant is a debt collector.

      4.    Defendant states in its Motion that Defendant provided Plaintiff's telephone number to Global Connect for the purpose of calling the Plaintiff, and that the intention of the call was to attempt to get the Plaintiff on the phone and then, have the call transferred to one of Defendant's collectors (DE 85 at page 2). However, at Defendant's deposition held December 20, 2010, Defendant admitted that it was calling Plaintiff and the other putative class members in an effort to collect a debt that was due to Aventura

Hospital (See "Second Snyder Deposition" DE 91-1 at page 22, lines 1-6). There can be no mistake that Defendant was attempting to collect a debt when it contacted Plaintiff.

5.      The purported error of Defendant's outside dialing service in leaving the complained-of message on a voicemail as opposed to playing the message for a live person is completely irrelevant because whether a live person heard the message or the message was left on an answering machine, it still did not contain the required disclosure that Defendant is a debt collector. Even if the "error" of Defendant's dialing service were relevant, Defendant is relying on a completely unmanned computer process, through which a computer distinguishes a person from a voicemail machine, a process which Defendant *knows* occasionally misidentifies a human call as a machine and a machine as a human (Snyder Deposition, page 56 lines 1-8). Notwithstanding the purported failings of Defendant's dialing system, Defendant has a *practice* of contacting consumers for the purpose of collecting debts and *not* providing the required §1692e(11) disclosures in their pre-recorded message (See Snyder Deposition, Second Snyder Deposition, generally). Defendant's conduct is intentional, and thus Defendant cannot meet a required element of the bona fide error defense, that the conduct be unintentional. The various messages that might be played to the consumer, according to Defendant, are all similar in content and do not disclose Defendant's identity as a debt collector: "They pretty much all say the same thing.  It's maybe we have an important message for, and it'll say the consumer's name.  If you are this person, press one.  If you are not, press two" (Snyder Deposition, page 63 lines 11-16). Further, Defendant identifies the complained-of message, Tiffany Thorne's message, as being the same kind of message:

Q. Okay.  Is that one of your standard messages that you use when you're doing a live broadcast, and Global Connect detects that a human has answered?
A. Yes.
Q. And you said you have two or three of these different messages, but the substance is all the same; right?
A. They pretty much say the same thing.
Q. Right.  They don't disclose that Commonwealth is a debt collector; do they?
A. No.
Q. And they don't disclose Commonwealth's name; do they?
A. No.
Q. Now, the consumer could hang up right then?  I mean, the message directs them that if they want to, they can hang up and call back later; right?
A. Yes.

Snyder Deposition, page 65 line 12 through page 66 line 11.

The consumer must press a number on their telephone keypad to be connected to a representative, who would then provide the required disclosure. Regardless of whether a live person or a voicemail intercepts Defendant's dialer's call, if the person who was called never enters a number on their telephone keypad, they would never be connected with a live collector and it would never be disclosed to them that Defendant is a debt collector. Therefore, it does not make any difference whether a human or an answering machine received the message. In both instances, Defendant's message violates the FDCPA by failing to disclose that it is a debt collector. This would apply to situations where an answering machine or voicemail received the message as well (Snyder Deposition, DE 41-1, page 114 line 24 to page 123 line 23).

6.     A pre-recorded telephone message is a "communication" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

Defendant is required by law to identify itself as a debt collector in *all* communications with consumers. The error of Defendant's outside dialing service has nothing to do with Defendant's established practice of violating §1692e(11).

7.     Defendant could not meet the criteria for a bona fide error defense as Plaintiff's claims arise out of an intentional violation, for which Defendant maintains no procedures to avoid such an occurrence. Defendant purposefully places calls to consumers and purposefully does not disclose that Defendant is a debt collector, relying upon the consumer to press a number on their telephone keypad to be connected to a collector to receive the disclosures which the consumer is due in *every single* communication with Defendant. The consumer is not obligated to press any numbers on their keypad. The consumer is due the disclosure that the Defendant is a debt collector and the consumer is due that disclosure in each and every communication that Defendant makes.

8.     Defendant's conduct is intentional, thus it fails on the "intent" prong, and the Court needs to look no further than that failure to deny Defendant's motion. The Defendant also fails on the "bona fide" and "procedural" prongs as well. With regard to the "bona fide" prong, whether or not Defendant's actions were in good faith is a jury question. In *Edwards v Niagra Credit Solutions* 2009 U.S. App. LEXIS 22500, at page 4 (11th Cir. 2009) the Court held that a defendant debt collector knowingly left a pre-recorded telephone message and thus could not establish the bona fide error defense because the conduct was intentional – a required element of the bona fide error defense is that the conduct be *unintentional*. In this case, the Defendant admits that its practice is to

contact the consumer using the complained-of message and that the consumer must press a number on their telephone keypad to receive any additional disclosures. This procedure is entirely intentional, and not made through any error in Defendant's procedure. As this process *is* Defendant's procedure, it must also fail on the "procedural" prong, as it cannot have maintained procedures adapted to avoid an "error" which was actually the intended result.

9.     Defendant outlines itself in the section titled "Summary Judgment Standard" at page 3, that summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" *Celotex Corp. v Catrett*, U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Further, the Court must view the facts in the light most favorable to *the non-moving party* (*United of Omaga Life Ins. Co. v Sun Life Ins. Co. of America*, 894 F. 2d 1555, 1558 (11th Cir. 1990) (emphasis added). By Defendant's own admission of the proper standards, Defendant's motion is inappropriate. There are factual issues with regard to Defendant's conduct which are jury questions: whether Defendant's conduct was made in "good faith" is not a fact to be taken at face value, but rather a factual issue to be left to the jury. Further, the affidavits of Defendant and the statements made by Defendant's corporate representative at deposition on two separate occasions are completely contradictory, and do not ultimately equate to a uniform showing that there are no genuine issues as to material facts. As the Court must

view these facts in the light most favorable to Plaintiff, and as factual issues most certainly remain, Defendant's motion must be denied.

      10.    Plaintiff respectfully requests that the Court deny Defendant's motion.


            Respectfully submitted,

            DONALD A. YARBROUGH, ESQ.
            Attorney for Plaintiff
            Post Office Box 11842
            Fort Lauderdale, Florida 33339
            Telephone: (954) 537-2000
            Facsimile: (954) 566-2235
            donyarbrough@mindspring.com

            s/Donald A. Yarbrough
            Donald A. Yarbrough, Esq.
            Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20257-Civ-Lenard/Turnoff

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

      Defendant.

_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>January 6, 2011</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          <u>s/Donald A. Yarbrough</u>
                          Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609
Telephone: 813-251-5500
Facsimile: 813-251-3675

<u>Via Notices of Electronic Filing generated by CM/ECF</u>