UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20257-Civ-Lenard/Turnoff

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Pursuant to Fed R. Civ. P. 56, Plaintiff, Tiffany N. Thorne, on behalf of herself and the class she seeks to represent, respectfully moves this Court for entry of partial summary judgment on the basis that Defendant, Commonwealth Financial Systems, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), by failing to disclose in its telephone messages that the call is from a debt collector in violation of 15 U.S.C. §1692e(11).

    Plaintiff moves for partial summary judgment as to liability only. Plaintiff leaves the matter of statutory damages to the jury.

**I.    PROCEDURAL HISTORY**

    On January 27, 2009, Plaintiff, Tiffany N. Thorne, initiated this action on behalf of herself and the class she seeks to represent, alleging that Defendant, Commonwealth

1

Financial Systems, Inc., violated the FDCPA (DE 1). On November 17, 2010, Plaintiff filed her First Amended Class Complaint (DE 64).

Plaintiff's Motion for Class Certification was filed on November 9, 2010 (DE 56). Briefing has been completed, and a hearing on Plaintiff's Motion was held before Magistrate Judge William C. Turnoff on January 29, 2011. Magistrate Turnoff has not yet issued a ruling, however, the deadline to file Summary Judgment motions is today.

A jury trial of this matter is scheduled for trial beginning July 5, 2011 (DE 30).

## II.   STATEMENT OF FACTS

The facts of this case are set forth in Plaintiffs' Statement of Material Facts ("PSMF"), simultaneously filed herewith.

## III.   STATEMENT OF QUESTIONS PRESENTED

1.   Did Defendant leave telephone messages for consumers without informing the consumers that the call was from a debt collector in violation of 15 U.S.C. §1692e(11)?

Plaintiff respectfully suggests that this question be answered in the affirmative.

## IV.   ARGUMENT

### A.   STANDARD FOR SUMMARY JUDGMENT.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary

> judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Substantive law defines which facts are material, and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id.* at 248, 106 S.Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.* Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movants have met their burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case. *Anderson v. Liberty Lobby, Inc.*, supra, 477 U.S. at 252, 106 S. Ct. at 2512.

There is no dispute as to facts regarding the conduct of Defendant in placing telephone calls and using prerecorded messages to contact Plaintiff and the class she seeks to represent. Thus, a grant of summary judgment is appropriate against Defendant for its violations of the FDCPA, with the matter of damages to be left to the jury.

### B.      DEFENDANT'S TELEPHONE MESSAGES VIOLATED THE FDCPA.

On or about January 27, 2009, Defendant left the following prerecorded message on Plaintiff's voice mail:

> 2 or call us back at 1-800-848-2170. Thank you.
>
> Hello. This message is only for Tiffany Thorne. If this is Tiffany Thorne, please press 1. If this is not, please press 2 or call us back at 1-800-848-2170. Thank you.

Plaintiff's Declaration, ¶ 4. Plaintiff's Statement of Material Facts "PSMF" ¶ 9.

The failure of Defendant to state that the call was from a debt collector violated the FDCPA at 15 U.S.C. §§`1692e(11).

#### 1.      "Least Sophisticated Consumer" Standard Is Applied To FDCPA Violations.

The U.S. Court of Appeals for the Eleventh Circuit established the standard by which violations of the FDCPA are analyzed, *i.e.,* whether the communication by the debt collector would mislead the "least sophisticated consumer". <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1172-75 (11th Cir. 1985). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." <u>Swanson v. Mid Am, Inc.</u>, 186 F.R.D. 665, 667 (M.D.Fla. 1999). Other courts have followed the Eleventh Circuit's lead. "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." <u>Clomon v. Jackson,</u> 988 F.2d 1314, 1318 (2d Cir. 1993).

Also, *see*: <u>Taylor v. Perrin, Landry, deLaunay & Durand,</u> 103 F.3d 1232, 1236 (5th Cir. 1997); <u>U.S. v. National Financial Services, Inc.,</u> 98 F.3d 131, 136 (4th Cir. 1996); <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30 (2d Cir. 1996); <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60 (2d Cir. 1993); <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991); and <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225-26 (9th Cir. 1988).

### 2. **FDCPA Statutory Definitions.**

Plaintiff, Tiffany N. Thorne, is a "consumer," *i.e.*, she is a natural person obligated or allegedly obligated to pay a debt. 15 U.S.C. §1692a(3). The message is addressed specifically to Tiffany Thorne and asks for her by name. PSMF ¶ 9. Defendant addressed its messages by name to consumers allegedly obligated to pay a debt. PSMF ¶ 10. Defendant is a "debt collector" as defined at 15 U.S.C. §1692a(6). PSMF ¶ 3. Defendant called Plaintiff and the other putative class members in an effort to collect a debt that was due to Aventura Hospital. PSMF ¶ 7.

Claims for similar obligations have been held to be consumer debts in a number of FDCPA cases. The 11th Circuit held in <u>Hawthorne v. MAC Adjustment, Inc.</u>, 140 F.3d 1367 (11th Cir. 1998), that obligations to pay which arise out of consumer transactions are subject to the FDCPA. See, also <u>Brown v. Budget Rent-A-Car Systems, Inc.</u>, 119 F.3rd 922 (11th Cir.-1997).

### 3. **Failure to Inform That The Call Was From A Debt Collector Per 15 U.S.C. §1692e(11).**

The FDCPA prohibits: "the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11). Defendant has violated the FDCPA by failing to disclose in its telephone messages to Plaintiff and the class she seeks to represent that it was a debt collector.

"The FDCPA is a strict liability statute and thus does not require a showing of intentional conduct on the part of a debt collector; furthermore, a single violation of the statute is sufficient to establish civil liability." *Edwards v. Niagara Credit Solutions, Inc.*, --- F.Supp.2d ----, 2008 WL 4951775 (N.D.Ga., Nov. 13, 2008) (citation omitted). Other district courts within the Eleventh Circuit have also found that the FDCPA requires strict compliance. *Rivera v. Amalgamated Debt Collection Services, Inc.*, 462 F.Supp.2d 1223, 1227 (S.D.Fla. 2006); *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F.Supp.2d 1293, 1297 (M.D.Fla.2001) (citing *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1361-62 (S.D.Fla.2000) and *Russell v. Equifax*, 74 F.3d 30, 33-34 (2nd Cir.1996)); *Stewart v. Slaughter*, 165 F.R.D. 696, 699 (M.D.Ga.1996).

The district court in *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 668-70 (S.D.N.Y. 2006), stated:

> Rather, there is nothing in the context of the January 18 Pre-Recorded Message that would clearly inform a consumer that s/he is speaking to a debt collector, or, for that matter, that the subject of the "business matter" requiring "immediate attention" is a debt. Instead, a consumer would have to, upon hearing the message, recall that it previously received mail from a debt collection agency by the name of "NCO Financial Systems." Such a burden on the consumer is unreasonable. The least sophisticated consumer, who may receive voluminous messages and calls, could easily be confused about the identify of "NCO Financial Systems," particularly given the

> vague reference in the message to "a personal business matter that requires your immediate attention."

"The Court thus finds that the messages at issue the violated 15 U.S.C. § 1692e(11) because they were communications to a consumer in which the debt collector (Defendant) failed to identify the communication as coming from a debt collector." <u>Edwards v. Niagara Credit Solutions, Inc.</u>, <u>supra</u>, 2008 WL 4951775 at *15. Also, see: <u>Berg v. Merchants Ass'n Collection Div., Inc.</u>, --- F.Supp.2d ---, 2008 WL 4936432 (S.D.Fla., Oct. 31, 2008).

In <u>Belin v. Litton Loan Servicing</u>, 2006 WL 1992410, *5, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006), Judge Bucklew wrote: "the court finds that the messages left on Ms. Belin's answering machine constitute communications that can support a violation of 15 U.S.C. § 1692e(11)." In another case involving telephone messages the court granted summary judgment for the consumer on her claims that the debt collector's telephone messages violated 15 U.S.C. §1692e(11). <u>Leyse v. Corporate Collection Servs.</u>, 2006 WL 2708451, *4 and *6, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006). "Because it appears that defendant's messages are `communications' subjecting defendant to the provisions of § 1692e(11), it also appears that defendant has violated § 1692e(11) because the messages do not convey the information required by § 1692e(11), in particular, that the messages were from a debt collector." <u>Hosseinzadeh v. M.R.S. Associates, Inc.</u>, 387 F.Supp.2d 1104, 1116 (C.D.Cal. 2005).

7

Thus, Defendant's telephone messages left for Plaintiff and the class she seeks to represent which failed to inform that the call was from a debt collector violated 15 U.S.C. §1692e(11).

### C. DAMAGES

On finding that Defendant violated the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, which matter Plaintiff leaves to the jury.

### D. DEFENDANT DOES NOT MEET THE STANDARDS FOR A BONA FIDE ERROR DEFENSE

Defendant has acknowledged that it does deliver unattended pre-recorded messages to consumers which it *knows* omit its name and that it is a debt collector. Defendant relies upon its automated equipment to ensure that the consumer is transferred to a live debt collector to receive the rest of the disclosure, yet Defendant *knows* that some consumers are not receiving the required disclosure, not even most of the time. PSMF ¶ 13. According to Defendant, approximately 60% of all calls placed with its dialing campaigns are answered by the consumer or the consumer's answering machine or voicemail system, and of those calls, 85% do not press a key to be transferred to a live collector. Thus, Defendant is aware that approximately 85% of the consumers who answer the telephone calls from Defendant, which attempt to connect the consumer with a live collector, are unsuccessful. In 85% of answered calls, it is *never* disclosed to the consumer that Defendant is a debt collector. PSMF ¶ 13.

The purported error of Defendant's outside dialing service in leaving the complained-of message on a voicemail as opposed to playing the message for a live person is completely irrelevant because whether a live person heard the message or the message was left on an answering machine, it still did not contain the required disclosure that Defendant is a debt collector. Even if the "error" of Defendant's dialing service were relevant, Defendant is relying on a completely unmanned computer process, through which a computer distinguishes a person from a voicemail machine, a process which Defendant *knows* occasionally misidentifies a human call as a machine and a machine as a human. PSMF ¶ 11. Notwithstanding the purported failings of Defendant's dialing system, Defendant has a *practice* of contacting consumers for the purpose of collecting debts and *not* providing the required §1692e(11) disclosures in their pre-recorded message (See Snyder Deposition, Second Snyder Deposition, generally). Defendant's conduct is intentional, and thus Defendant cannot meet a required element of the bona fide error defense, that the conduct be unintentional. The various messages that might be played to the consumer, according to Defendant, are all similar in content and do not disclose Defendant's identity as a debt collector: "They pretty much all say the same thing.  It's maybe we have an important message for, and it'll say the consumer's name.  If you are this person, press one.  If you are not, press two" (Snyder Deposition, page 63 lines 11-16). Further, Defendant identifies the complained-of message, Tiffany Thorne's message, as being the same kind of message:

9

> Q. Okay.  Is that one of your standard messages that you use when you're doing a live broadcast, and Global Connect detects that a human has answered?
> A. Yes.
> Q. And you said you have two or three of these different messages, but the substance is all the same; right?
> A. They pretty much say the same thing.
> Q. Right.  They don't disclose that Commonwealth is a debt collector; do they?
> A. No.
> Q. And they don't disclose Commonwealth's name; do they?
> A. No.
> Q. Now, the consumer could hang up right then?  I mean, the message directs them that if they want to, they can hang up and call back later; right?
> A. Yes.

Snyder Deposition, page 65 line 12 through page 66 line 11, PSMF ¶ 10.

The consumer must press a number on their telephone keypad to be connected to a representative, who would then provide the required disclosure. Regardless of whether a live person or a voicemail intercepts Defendant's dialer's call, if the person who was called never enters a number on their telephone keypad, they would never be connected with a live collector and it would never be disclosed to them that Defendant is a debt collector. Therefore, it does not make any difference whether a human or an answering machine received the message. In both instances, Defendant's message violates the FDCPA by failing to disclose that it is a debt collector. This would apply to situations where an answering machine or voicemail received the message as well. PSMF ¶ 12.

A pre-recorded telephone message is a "communication" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

Defendant is required by law to identify itself as a debt collector in *all* communications with consumers. The error of Defendant's outside dialing service has nothing to do with Defendant's established practice of violating §1692e(11).

Defendant could not meet the criteria for a bona fide error defense as Plaintiff's claims arise out of an intentional violation, for which Defendant maintains no procedures to avoid such an occurrence. Defendant purposefully places calls to consumers and purposefully does not disclose that Defendant is a debt collector, relying upon the consumer to press a number on their telephone keypad to be connected to a collector to receive the disclosures which the consumer is due in *every single* communication with Defendant. The consumer is not obligated to press any numbers on their keypad. The consumer is due the disclosure that the Defendant is a debt collector and the consumer is due that disclosure in each and every communication that Defendant makes.

### V.     CONCLUSION

Plaintiff Tiffany N. Thorne, on behalf of herself and the class she seeks to represents, request the Court to enter an order of partial summary judgment in their favor that Defendant, Commonwealth Financial Systems, Inc. violated the Fair Debt Collection Practices Act at 15 U.S.C. §1692e(11) by failing to disclose in its telephone messages that the call is from a debt collector. Ms. Thorne and the class she seeks to represents should be awarded statutory damages to be determined by the jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20257-Civ-Lenard/Turnoff

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

  Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

  Defendant.
_____/

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on February 11, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              s/Donald A. Yarbrough
              Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609
Telephone: 813-251-5500
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF