UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-20257-CV-LENARD/TURNOFF

TIFFANY N. THORNE, on behalf
of herself and others similarly situated,

       Plaintiff(s),
vs.

Commonwealth Financial Systems, Inc.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Class Certification **[DE56]**, and a prior Order of Referral entered by the Honorable Joan A. Lenard. **[DE60]**. A hearing on the Motion **[DE56]** took place before the undersigned on January 26, 2011.

Upon review of the Motion **[DE56]**, the Response **[DE 72]**, the Reply **[DE90]**, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

Plaintiff, Tiffany Thorne ("Plaintiff"), filed this action against Commonwealth Financial Systems, Inc. ("Defendant"), alleging, among other things, violation of the Fair Debt Reporting Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The one-count First Amended Complaint ("FAC") specifically alleges that Defendant left a pre-recorded telephone message on Plaintiff's voice mail that failed to disclose its status as a debt collector as required by §1692e(11). FAC. ¶ 17. **[DE64]**.

The contents of the offending message, left on January 27, 2009, is as follows:

> 2 or call us back at 1-800-848-2170. Thank you.
>
> Hello. This message is only for Tiffany Thorne. If this is Tiffany Thorne, please press 1. If this is not, please press 2 or call us back at 1-800-848-2170. Thank you.

Id. ¶ 14.

According to Defendant, it utilizes a computer assisted dialer to attempt to contact debtors. In this instance, Defendant attempted to contact Plaintiff by way of Global Connect, a third-party dialer. **[DE78]** (Snyder Decl. ¶ 2). These computer systems are designed to be able to detect when the telephone is answered by a live person as opposed to a voicemail or answering machine. Id. ¶ 4. According to Defendant, the message left on Plaintiff's voice mail is designed to play only if the telephone is answered by a live person. Id. at ¶ 5. However, the call in question was logged as a "live call" that was answered and did not go to a machine. Id. at ¶ 7. In other words, according to Defendant, the telephone system believed that a live person answered the phone, and therefore played the message in error. Id. ¶ 10.

### Class Action Allegations

Plaintiff seeks class certification under Fed. R. Civ. P. 23(a) and 23(b). Plaintiff specifically seeks to certify the following class:

> (I) all persons to whom Defendant played a pre-recorded telephone message to a telephone number with a Florida area code (ii) in which Defendant, failed to state that the message is from a debt collector (iii) in an attempt to collect an alleged debt originally due for medical care from Aventura Hospital and forwarded to Defendant by MedClr, a division of NCO Financial Systems, Inc., (iv) during the one year period prior to the filing of the complaint in this matter through the date of the class certification.

Id. at ¶ 20; see also **[DE57, Plf's Mot. Class Cert. ¶ 1]**.

Plaintiff seeks a judgment in its favor, statutory damages, attorney's fees and costs.

Defendant, on the other hand, opposes class certification. Specifically, Defendant asserts that Plaintiff has failed to show: (1) numerosity, (2) typicality, (3) commonality, (4) that she is an adequate class representative, and (4) that counsel can adequately represent the class, as required by Rule 23(a). Defendant further argues that Plaintiff likewise fails to meet the more stringent 23(b)(3) requirements, i.e., that common questions must predominate over any questions affecting only individual members, and that class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy.

In sum, Defendant argues that because each proposed class member would have to prove that he or she answered the phone and was a "consumer," under § 1692, the merits of the claim would necessarily turn on Defendant's individual dealings with Plaintiff — rendering class certification improper.

For the reasons stated below, the undersigned agrees.

### **Applicable Statute**

*FDCPA Claims*

15 U.S.C. § 1692d(6) requires that debt collectors identify themselves as such when placing calls. The relevant portion of the statute states,

> **§ 1692d. Harassment or abuse.**
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> \* \* \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

§ 1692e, which is also referenced in Plaintiff's Complaint, states in pertinent part:

**§1692e. False or misleading representations.**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

15 U.S.C. § 1692e(11).

### Analysis.

Generally speaking, courts have broad discretion in deciding whether to certify a class. Washington v. Brown & Williamson Tobacco, Corp., 959 F. 2d 15666, 1569 (11th Cir. 1992). In so doing, a district court need not determine the merits of the case at the certification stage. Hicks v. Client Services, Inc., 2008 WL 5479111 (S.D.Fla. )(citing Mills v. Foremost, Ins. Co., 511 F.3d 1300, 1309 (11th Cir. 2008)). However, it may be necessary for the court to "probe behind the pleadings" before making its determination. Brown v. Washington Tobacco Corp., 959 F.2d 1570, n. 11 (11th Cir. 1992).

Plaintiffs seeking class certification must satisfy the four requirements listed in Fed. R. Civ. P. 23(a). Specifically, the moving party must show that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class,

4

and that (4) the representative parties (plaintiff and counsel) will fairly and adequately protect the interests of the class. See Fed.R.Civ.P. 23(a); see also, AmChem Products, Inc. v. Windsor, 521 U.S. 591 (1997). The moving party bears the burden of proof by a preponderance of the evidence. Id. at 613-614; see also, Hicks v. Client Services, Inc., 2008 WL5479111, at *2 (S.D.Fla. Dec. 11, 2008)(citing Jones v. Roy, 202 F.R.D. 658, 662 (M.D. Ala.2001)(if the moving party fails to demonstrate any single requirement then the case may not continue as a class action)).

In addition to the requirements listed in Rule 23(a), the moving party must demonstrate that the action is maintainable under one of the three subsections of Rule 23(b). Plaintiff herein seeks certification under 23(b)(3), which states, in pertinent part, that a class action may only be maintained if Rule 23(a) is satisfied *and* if "the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

*Numerosity*

The focus on the numerosity inquiry is not whether there are "too few" proposed class members, but rather whether the joinder of same is impractical. Drossin v. Nat'l. Action Financial Services, Inc., 255 F.R.D. 608 (S.D.Fla. 2009)(citing Armstead v. Pingree, 629 F. Supp. 273, 279 (M.D. Fla. 1986)). The moving party does not need to know the precise number of proposed class members. Instead, he or she need only make "reasonable estimates" as to the proposed class size. Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D.Fla. 2000)

Here, Defendant correctly notes that although Plaintiff seeks to certify only one class, her Motion **[DE 56]** actually appears to define two separate classes, e.g., (1) persons like Plaintiff who

received the alleged violative message on their answering machines/voice mail system, and (2) persons who, unlike Plaintiff, who heard the alleged violative message when they answered their phones. Defendant argues that Plaintiff would only qualify for membership in the first class. Despite that qualification, Defendant argues that Plaintiff, nevertheless, fails to satisfy the numerosity requirement as to same. Defendant specifically points to the Declaration of Greg Snyder which states in pertinent part,

> Since [the message at issue] is not supposed to be played when voicemail or an answering machine answers a call, there is no manner by which [Defendant] could determine whether this message was left on the voicemail or answering machine of any other Florida debtor.

**[DE 78]** (Snyder Decl. ¶ 11).

\* \* \*

> Since the "live call" message is different from the message transcribed in the Complaint, a review of account notes for every Florida debtor (assuming [Defendant] could accomplish such a task) would provide no indication of whether the mistake that occurred in this case occurred in any other instance.

Id. at ¶ 13.

\* \* \*

> Defendant knows of no other instance in which the Global Connect dialer made the same mistake it apparently made with regard to the Plaintiff. Moreover, if any such mistake did occur, the only person who would be aware of the mistake would be the person who received the message on his or her answering machine or voicemail.

Id. at ¶ 21.

Plaintiff, on the other hand, cites to Mr. Snyder's deposition testimony[1] wherein he made general statements as to Defendant's policies regarding placing calls (like the one made to Plaintiff) and leaving recorded messages. See **[DE76-1, 91-1]**. Using Mr. Snyder's testimony as basis,

---

[1] The record shows that Mr. Snyder has been deposed on two separate occasions; August 30, 2010 **[DE76-1]** and December 20, 2010. **[DE91-1]**.

Plaintiff has submitted her own calculations, formulas and guesstimates using the number 7,111– which represents the number of medical accounts from Aventura Hospital that were assigned to Defendant by MedClr. **[DE56, Ex. A]**. For example, Plaintiff argues that by Defendant's own admission, approximately 60% of all calls placed are answered by the consumer or the consumer's answering machine or voicemail system, and of those calls 85% do not press a key to be transferred to a live collector. See **[DE57][DE76-1]**.

Based on this, Plaintiff submits that assuming Defendant called each of the 7,111 accounts at least once with a dialing campaign, then at least 3,600 individuals would meet the class definition; (e.g. 7,111 & 60% X 85%= 3,626). Plaintiff further submits that even if Defendant only placed calls to half of the 7,111 accounts with a dialing campaign, at least 1,800 individuals would meet the class definition; (e.g., 3,555 X 60% = 1,813).

Plaintiff's assumptions and calculations do not persuade, and in this Court's view, are not necessary for present purposes.

Under the FDCPA, only the debtor or consumer would be entitled to the § 1692e(11) disclosures, and only the debtor or consumer could potentially be a class member. In other words, unless the violative communication was with the consumer, the need for disclosure does not arise. For example, where an individual hangs up and terminates the call immediately prior to speaking with Defendant's representative, Defendant has no way of knowing whether the person who answered the phone was actually the debtor or consumer. Under such a scenario, individuals could create their own cause of action by simply terminating the call before the debt collector can provide the required disclosures. That type of result is not what Congress intended.

Consistent with the above, the undersigned finds that neither Defendant, nor Plaintiff, can

provide evidence of numerosity with any degree of certainty – let alone by a preponderance of the evidence – as to the proposed class. Having found that Plaintiff fails to meet one of the four required elements under 23(a), the Court need not continue its analysis as to commonality, typicality and adequacy of representation.

*Certification Under 23(b)(3)*

As noted above, even if Plaintiff had satisfied the requirements of 23(a), the Court would still have to find that Plaintiff has satisfied one of the three sections of Rule 23 (b) in order for class certification to be proper. See Drossin v. National Action Financial Services, Inc., 255 F.R.D. 608, 616 (S.D.Fla. 2009) (quoting Labauve v. Olin Corp, 231 F.R.D. 632, 671 (even having satisfied the requirements of Rule 23(a), a motion for class certification would nonetheless fail, absent the satisfaction of at least one prong under Rule 23(b)). Upon review of the Motion **[DE56]**, the response, the court file, and hearing argument from counsel, the undersigned finds that Plaintiff has failed to meet her burden in this regard as well.

As indicated *supra*, because Plaintiff seeks certification under Rule 23(b)(3), she must show that the questions of law or fact common to the class members *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy. Fed.R.Civ.P. 23 (b)(3).

*Predominance*

Though similar to the commonality issue, the predominance requirement is "far more demanding." Cooper v. Southern Co., 390 F. 3d 695, 713 (11th Cir. 2004). The inquiry here is whether there are common liability issues which may be resolved more efficiently on class action basis. See Brown v. SCI Funeral Servs. of Fla., 212 F.R.D. 302 (S.D.Fla. 2003). It is not necessary

8

that all questions of law or fact be common. Rather, only that some questions are common and that they predominate over the individual questions. Klay v. Humana, Inc., 382 F. 3d 1241, 1254 (11th Cir. 1997).

This inquiry requires that the Court consider the cause of action and the value that resolving the class-wide issues will have in each member's underlying cause of action. Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F. 3d 1228, 1234 (11th Cir. 2000). Certification is improper, however, if the merits of the claim turn on its individual dealings with each plaintiff. See e.g., Bolin v. Sears Roebuck & Co., 231 F. 3d 970 (5th Cir. 2000).

As noted above, § 1692e(11) applies only to communications with the consumer. See Scafani v. BC Services, Inc., 2010 WL 4116471 (S.D. Fla. 2010)(Plaintiff cannot state a claim under §1692e(11) because he is not a "consumer" under § 1692(a)(3)). § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay a debt." 15 U.S.C. § 1692a(3). It therefore logically follows that a person who is not obligated to pay the debt in question cannot be a "consumer" for purposes of § 1692e(11).

Here, Plaintiff argues that "if there is some odd chance that some few of those people that answered were not the consumer, it does not make any difference." See Hr'g Tr. 25: 20-22, Jan.26, 2011. In support of her argument, Plaintiff cites to Hicks v. Client Services, Inc., 2008 WL 5479111 (S.D. Fla. Dec. 11, 2008). Upon review, however, the Court finds that Hicks is not parallel to the case at bar.

As noted by Defendant, the Hicks case focused more on the *type* of transaction, i.e., "consumer debt" vs. "non-consumer debt;" not on the discreet issue of whether or not someone was a "consumer." Id. at *5-6. The concern there was that the Congressional purpose in enacting the

9

FDCPA would be "thwarted if a large and sophisticated debt collection company could avoid class action liability by [the ]mere fact of inadequate record-keeping." Id. (citing Macaraz v. Transworld Sys., 193 F.R.D. 46, 57 (D.Conn.2000). In this connection, the Hicks court noted that "Although determining which debts are consumer [debts] would require some effort, there were means for making such determinations." Id. (citing Borcherdinger-Dittloff v. Transworld Sys., 193 F.R.D. 558, 563 (W.D. Wis. 1999). The same cannot be said in this case.

First, as noted by Mr. Snyder, "a review of account notes from every Florida debtor . . . would provide no indication of whether the mistake that occurred in this case occurred in any other instance." **[DE78]** (Snyder Decl. ¶14).   Second, because, by Defendant's own admission, the message at issue was left by mistake, it may well be that Plaintiff is the only person that received that message in her voicemail. Further, Defendant has no real way of determining whether this same message was left on the voicemail or answering machine of any other "consumer." Only the person receiving/answering the call would have such knowledge.

Here, it is undisputed that Plaintiff is the consumer. However, she cannot show that any other potential class member who answered the phone shares in that same status, thereby entitling him/her to the § 1692e(11) protections. Because each proposed class member would have to demonstrate that: (1) he/she answered the phone and received the message, and that (2) he/she was a consumer, the merits necessarily turn on Defendant's "individual dealings" with each plaintiff; thereby making certification improper.

*Superiority*

As indicated *supra,* the second prong of Rule 23(b)(3) requires that class action litigation be the superior method for a fair and efficient resolution of the claims. Consistent with the findings

10

above, and for the same reasons, the undersigned finds that the individualized issues are not conducive to resolution by way of class action. Accordingly, in this Court's view, a class action is not the superior method.

The Court is not unsympathetic to the plight of consumers such as Plaintiff. No doubt, many problems exist in the debt collection industry. The state-of-the-art technology and "third-party dialers," however modern, are not always reliable, and oftentimes creates more problems. However, under the current record and considering the applicable law, Plaintiff simply cannot meet her burden.

In light of the foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion **[DE 56]** be **DENIED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ___ day of February 2011.

WILLIAM C. TURNOFF
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    Counsel of Record

11