UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20257-Civ-Lenard/Turnoff

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

## PLAINTIFF'S REPLY REGARDING DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Plaintiff, Tiffany N. Thorne, files her Reply regarding Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (DE 114) and, in support thereof, states as follows:

1.    Plaintiff's Motion should be granted because Defendant is not entitled to the bona fide error defense, and because Plaintiff has adequately demonstrated that the class she seeks to represent is a class of consumers.

2.    Defendant is not entitled to the bona fide error defense because the circumstances which gave rise to Plaintiff's claim are not accidental or inherent of a procedure reasonably adapted to avoid errors. The only "error" on Defendant's part was that the message was recorded, not that it was received by Plaintiff. Defendant has acknowledged that it delivers unattended pre-recorded messages to consumers which it *knows* omit its name and that it is a debt collector. Defendant relies upon its automated

equipment to ensure that the consumer is transferred to a live debt collector to receive the rest of the disclosure, yet Defendant *knows* that some consumers are not receiving the required disclosure, not even most of the time: According to Defendant, approximately 60% of all calls placed with its dialing campaigns are answered by the consumer or the consumer's answering machine or voicemail system, and of those calls, 85% do not press a key to be transferred to a live collector (See "Snyder Deposition", DE 41-1, page 104 line 19 to page 105 line 13). Defendant is aware that approximately 85% of the consumers who answer the telephone calls from Defendant, which attempt to connect the consumer with a live collector, are unsuccessful. In 85% of answered calls, it is *never* disclosed to the consumer that Defendant is a debt collector. Thus, *Defendant knows its procedure regularly fails to ensure that the required disclosures are given*.

      3.      Notwithstanding the purported failings of Defendant's dialing system, Defendant has a *practice* of contacting consumers for the purpose of collecting debts and *not* providing the required §1692e(11) disclosures in their pre-recorded message (See Snyder Deposition, Second Snyder Deposition, generally). Defendant's conduct is intentional, and thus Defendant cannot meet a required element of the bona fide error defense, that the conduct be unintentional. The various messages that might be played to the consumer, according to Defendant, are all similar in content and do not disclose Defendant's identity as a debt collector: "They pretty much all say the same thing. It's maybe we have an important message for, and it'll say the consumer's name. If you are this person, press one. If you are not, press two" (Snyder Deposition, page 63 lines 11-

16). Further, Defendant identifies the complained-of message, Tiffany Thorne's message, as being the same kind of message:

> Q. Okay.  Is that one of your standard messages that you use when you're doing a live broadcast, and Global Connect detects that a human has answered?
> A. Yes.
> Q. And you said you have two or three of these different messages, but the substance is all the same; right?
> A. They pretty much say the same thing.
> Q. Right.  They don't disclose that Commonwealth is a debt collector; do they?
> A. No.
> Q. And they don't disclose Commonwealth's name; do they?
> A. No.
> Q. Now, the consumer could hang up right then?  I mean, the message directs them that if they want to, they can hang up and call back later; right?
> A. Yes.

Snyder Deposition, page 65 line 12 through page 66 line 11.

4. Defendant could not meet the criteria for a bona fide error defense as Plaintiff's claims arise out of an intentional violation, for which Defendant maintains no procedures to avoid such an occurrence. Defendant purposefully places calls to consumers and purposefully does not disclose that Defendant is a debt collector, relying upon the consumer to press a number on their telephone keypad to be connected to a collector to receive the disclosures which the consumer is due in *every single* communication with Defendant. The consumer is not obligated to press any numbers on their keypad. The consumer is due the disclosure that the Defendant is a debt collector and the consumer is due that disclosure in each and every communication that Defendant makes.

5. Defendant's conduct is intentional, thus it fails on the "intent" prong, and the Court needs to look no further than that failure to deny Defendant's motion. The Defendant also fails on the "bona fide" and "procedural" prongs as well. With regard to the "bona fide" prong, whether or not Defendant's actions were in good faith is a jury question. In <u>Edwards v Niagra Credit Solutions</u> 2009 U.S. App. LEXIS 22500, at page 4 (11th Cir. 2009) the Court held that a defendant debt collector knowingly left a pre-recorded telephone message and thus could not establish the bona fide error defense because the conduct was intentional – a required element of the bona fide error defense is that the conduct be *unintentional*. In this case, the Defendant admits that its practice is to contact the consumer using the complained-of message and that the consumer must press a number on their telephone keypad to receive any additional disclosures. This procedure is entirely intentional, and not made through any error in Defendant's procedure. As this process *is* Defendant's procedure, it must also fail on the "procedural" prong, as it cannot have maintained procedures adapted to avoid an "error" which was actually the intended result.

6. The instant case is very similar to <u>Bianchi v P&B Capital Group</u>, Case No.: 10-60931-Civ-Martinez/Brown, (S.D. Fla, January 20, 2011). In <u>Bianchi</u>, the defendant also had a procedure of dialing the consumer and having the consumer later connected to an operator to receive the disclosure. The Court in <u>Bianchi</u> ruled that the bona fide error defense was not available to defendant, as the defendant did not provide sufficient evidence:

4

> Here, Defendant has provided no evidence that it adopted procedures to avoid the error at issue in this case, namely, that an auto-dialer would mistake a voice mail or answering machine as a live person and play the recorded message, which does not comply with certain requirements under the FDCPA, for the debtor to retrieve at a later time…The Court does not find Defendant's statement that it maintained procedures designed to prevent FDCPA and FCCPA violations significant in this context…There is no evidence that these procedures which included training employees, evaluating employees, consulting with counsel, and publishing an in-house compliance manual in any way dealt with the error that occurred in this case. There is also no evidence that there were procedures in place that had to be followed when using a third-party to call potential debtors…Defendant has offered the statement of an employee of TCN, the company it contracted with to do the auto-dialing, in which the employee states that TCN tested the auto-dialer system daily to make sure it could distinguish between a live person and a machine and that these tests demonstrated its ability to so distinguish "nearly without fail." However, this does not demonstrate that Defendant itself employed any sort of procedures to avoid the error…

*Bianchi v P&B Capital Group*, Case No.: 10-60931-Civ-Martinez/Brown, (S.D. Fla, January 20, 2011)

7.  As Defendant fails to pass the test of the bona fide error defense, summary judgment must be awarded to Plaintiff. With respect to the class that Plaintiff seeks to represent, Plaintiff has clearly outlined that she seeks to represent a class of consumers, like herself, who were contacted by Defendant using Defendant standard procedure, and thus, did not receive the required disclosure. Defendant emphasizes that Plaintiff's class definition included "persons," and not consumers, but ignores that Plaintiff's class definition goes on to identify those persons whom Defendant was attempting to collect a debt from, ergo, consumers. A person who is *not* the consumer that Defendant was attempting to collect a debt from would *not* be a member of Plaintiff's proposed class.

8.        For these reasons, Plaintiff respectfully requests that the Court grant her motion for partial summary judgment.

>       Respectfully submitted,
>
>       DONALD A. YARBROUGH, ESQ.
>       Attorney for Plaintiff
>       Post Office Box 11842
>       Fort Lauderdale, Florida 33339
>       Telephone: (954) 537-2000
>       Facsimile: (954) 566-2235
>       donyarbrough@mindspring.com
>
>       s/Donald A. Yarbrough
>       Donald A. Yarbrough, Esq.
>       Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20257-Civ-Lenard/Turnoff

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 14, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        s/Donald A. Yarbrough
                                        Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609
Telephone: 813-251-5500
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF